IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CARLOS D. ROMERO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND CAID RIGGIN, | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Insurance Company in Cause No. 2016CVF001247 D1, pending in the 49th Judicial District Court of Webb County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Laredo Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1     On or about May 6, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Carlos D. Romero v. Allstate Vehicle and Property Insurance Company and Caid Riggin,* Cause No. 2016CVF001247 D1, pending in the 49th Judicial District Court of Webb County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

1.2     Plaintiff served Defendant Allstate Vehicle and Property Insurance Company ("Allstate") with Plaintiff's Original Petition and process on August 15, 2016, by certified mail on its registered agent, CT Corporation System.

1.3     Plaintiff has not yet served Defendant Caid Riggin ("Riggin") with Plaintiff's Original Petition.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Webb County District Clerk's file for this case is attached as Exhibit "B" which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.  Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

    A.     **THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT CAID RIGGIN BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Webb County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, § II.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4    Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5    Defendant Caid Riggin, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas.  See Plaintiff's Original Petition, § II.

### B.    DEFENDANT ADJUSTER CAID RIGGIN HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.

2.6    With respect to the claims against Defendant Riggin, it is Defendant Allstate's position that he has been improperly joined in this action and is therefore not a proper party to this lawsuit.  Therefore, the Texas citizenship of Defendant Riggin should be disregarded for the purposes of evaluating diversity in this matter.

2.7    The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder.  *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.8    The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).[1]  Under the

---

[1] In the present matter, Allstate contends that only the second way is applicable here.

**NOTICE OF REMOVAL - PAGE 3**
2544818v1
03645.132

second way, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.9     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573). "Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Id.* at *7.

2.10    If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, at *7. The court further stated that "the Smallwood opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the *in state court*

language.[2] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a nondiverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).

2.11    Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).  The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted).  And the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual

---

[2] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.  *Iqbal*, 556 U.S. at 663.

2.12    Here, Plaintiff fails to offer any specific facts in support of his claims against the Defendant Riggin and therefore fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  *See* Plaintiff's Original Petition, ¶13. There are no specific factual allegations as to Defendant Riggin. Further, Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[3]  Plaintiff's Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

2.13    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the Defendant Riggin constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not

---

[3]   Compare §VIII of Plaintiff's Original Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> ****
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:
> (A) affirm or deny coverage of a claim to a policyholder; or
> (B) submit a reservation of rights to a policyholder;
> ****
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at \*3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at \*2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at \*6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

2.14    Also, Plaintiff's allegations against Defendant Riggin for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Defendant Riggin's alleged misrepresentations related to coverage at issue or the details of the Plaintiff's insurance policy with Allstate. As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his opinion in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277(N.D. Tex. Dec. 11, 2014), the type of allegations alleged against adjuster Defendant Riggin, all of which relate to his inspection and determination regarding the extent of damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.

2.15    Based upon the foregoing, Defendant Riggin has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.16    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."[4]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.17    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

2.18    Although one sentence in Plaintiff's Original Petition alleges that Plaintiff seeks "monetary relief of $75,000.00" (s*ee* Plaintiff's Original Petition, §IV) or less in damages, this allegation conflicts with the other demands and allegations set forth above and does not eliminate

---

[4] Plaintiff's policy limits exceed $75,000 and satisfy the jurisdictional amount.

damages over $75,000.00 from controversy in this case.  Paragraph §VIII of Plaintiff's Original Petition expressly reserves the right to seek additional damages.   In §XVI, Plaintiff seeks "economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.."

2.19    Plaintiff seeks 18% interest plus pre-judgment and post judgment interest.  *See* Plaintiff's Original Petition, §§ XI, XIII.  Plaintiff seeks attorney's fees.[5]  *See* Plaintiff's Original Petition, §§ XI, XIII, and XVI.  Plaintiff seeks to recover all actual and special damages, including but not limited to the following: past, present, and future costs of repair to Plaintiff's home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. *See* Plaintiff's Original Petition, §XIII.   The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. *See* Plaintiff's Original Petition, §XIII. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.   Additionally, Plaintiff has not filed a Binding Stipulation of Damages with his Original Petition.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was served with Plaintiff's Original Petition and process on August 15, 2016.  This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[5] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.]  June 30, 2016).

3.2     Defendant Riggin has not been served and therefore, his consent to removal is not required.  Additionally, he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Webb County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Property Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Vanessa A. Rosa
     Vanessa A. Rosa
     State Bar No. 24081769
     vrosa@thompsoncoe.com
     Attorney-in-Charge
     Southern District No. 2218868

     Roger D. Higgins
     State Bar No.  09601500, IL 6182756
     rhiggins@thompsoncoe.com
     Of Counsel
     Southern District No. 33282

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:       (214) 871-8200
Fax:            (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 14, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

     R. Kent Livesay
     LAW OFFICES OF R. KENT LIVESAY, P.C.
     2510 S. Veterans Blvd.
     Edinburg, Texas 78539
     956.686.0050 — fax

     /s/ Vanessa A. Rosa
          Vanessa A. Rosa