```
                              CIVIL CASE DOCKETS
Webb County Courts - Live                                    PAGE      1
DATE    9/08/16                                              MV0260
TIME   16:32:29                                              DCMSG

===============================================================================
CASE NUMBER . . . . : 2016CVF001247 D1   CASE TYPE : F01  CONSUMER/DTPA
PLAINTIFF . . . . . : ROMERO,CARLOS,D,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : LIVESAY,RICHARD,KENT,        PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 2510 SOUTH VETERANS BOULEVARD
                      EDINBURG                       TX   78539

   VS.

DEFENDANT NAME  . . : ALLSTATE VEHICLE AND PROPERTY INSURANCE CO
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 1999 BRYAN ST STE 900
                      DALLAS                         TX   75201
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . :  5/06/2016
CASE DISPOSITION  . :              DISPOSITION DATE  :

DEFENDANT NAME  . . : RIGGIN,CAID,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 2317 W 5TH ST
                      PLAINVIEW                      TX   79072
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . :  5/06/2016
CASE DISPOSITION  . :              DISPOSITION DATE  :

ENTRY/FILING DATE . :  5/06/2016

JUDGE . . . . . . . : Joe Lopez
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* CONTRACT
COMPLAINT DATE  . . :  5/06/2016   COMPLAINT AMOUNT  :
INTEREST DATE . . . :              INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :              COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :              TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :              GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                        ACTIVITY TYPE
-------------  ------------------------------------------  -------------
  5/06/2016    Case Status                                 CaseStatus
       Case Status entered as ACTV.
       Case Status ACTV: Active
       For ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPAN
                 Complaint                                 Complaint
       *IMG* CONTRACT
```



EXHIBIT
B

```
                             CIVIL CASE DOCKETS
Webb County Courts - Live                                    PAGE      2
DATE    9/08/16                                              MV0260
TIME   16:32:29                                              DCMSG

=============================================================================
CASE NUMBER . . . . : 2016CVF001247 D1    CASE TYPE :  F01  CONSUMER/DTPA

  5/11/2016    Court Case Assignment                         Case Assgn
     Court date/time: 8/02/2016   13:30    Hearing Type:   17 Clndr Call
     Assignment of court date/time.
     Status entered as Open
               Hearing                                       Hearing
     *IMG* CALENDAR CALL FAXED TO ATTORNEY RICHARD KENT LIVESAY. (GG)
               Issuance                                      Issuance
     4 CITATIONS ISSUED AS TO ALLSTATE VEHICLE AND PROPERTY
     INSURANCE COMPANY AND CAIN RIGGIN AND HELD BY CLERK TO AWAIT COPIES
     AND A SELF ADDRESSED STAMPED ENVELOPE. (GG)

     **CITATIONS RELEASED ON 7/29/2016 BY REGULAR MAIL TO ATTORNEY**
     (BALANCE OF $22 FOR PRINTED COPIES FOR SERVICE). (GG)

  8/01/2016    Filing Papers                                 File Paprs
     *IMG* LETTER DATED AUGUST 1, 2016 FROM R. KENT LIVESAY IN RE TO RESET
     TO 10/4/16 AT 1:30PM. MG

  8/02/2016    Hearing                                       Hearing
     CASE CALLED. HONORABLE JUDGE JOSE LOPEZ PRESIDING. COURT REPORTER
     CYNDY LENZ. HEARING:CALENDAR CALL. NO ATTORNEYS OR PARTIES PRESENT.
     NO SERVICE ON DEFENDANTS. CASE RESET TO 10/4/16 AT 1:30PM FOR
     CALENDAR CALL. MG

  8/03/2016    Court Case Assignment                         Case Assgn
     Court date/time: 8/02/2016   13:30    Hearing Type:   17 Clndr Call
     Status changed from Open      to Post/
               Court Case Assignment                         Case Assgn
     Court date/time: 10/04/2016   13:30   Hearing Type:  284 2ndCalCall
     Assignment of court date/time.
     Status entered as Open

  9/02/2016    Answer                                        Answer
     *IMG* DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
     ORIGINAL ANSWER. ATTY. ROGER D. HIGGINS. MG
```

2016CVF001247 D1 Romero vs. Allstate Vehicle And Property Insurance... Page 1 of 2

Case 5:16-cv-00272 Document 1-3 Filed in TXSD on 09/14/16 Page 3 of 22



## Case # 2016CVF001247 D1

### Carlos D Romero vs. Allstate Vehicle And Property Insurance Company, Caid Riggin

| | |
|---|---|
| **Type:** | Contract |
| **Date Filed:** | 5/6/2016 12:00:00 AM |
| **Court:** | 49th District Court |
| **Complaint:** | Contract |

### Party Information

| Name | Affiliation |
|---|---|
| Allstate Vehicle And Property Insurance Company | Defendant |
| Carlos D Romero | Plaintiff |
| Caid Riggin | Defendant |

### Attorney Information

| Name | Affiliation |
|---|---|
| Richard Kent Livesay | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
|---|---|---|
| 10/4/2016 1:30:00 PM | 2Nd Calendar Call | Open |
| 8/2/2016 1:30:00 PM | Calendar Call | Postponed |

### Activity

| Date | Type | Description |
|---|---|---|
| 9/8/2016 2:37:50 PM | Filing Papers | *IMG* LETTER DATED SEPTEMBER 8, 2016 FROM COLLEEN CARTER IN RE TO COPY OF FILE. MG |
| 9/2/2016 6:39:58 PM | Answer | *IMG* DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER. ATTY. ROGER D. HIGGINS. MG |
| 8/3/2016 4:35:40 PM | Court Case Assignment | Court date/time: 10/04/2016 13:30 Hearing Type: 284 2ndCalCall Assignment of court date/time. Status entered as Open |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 8/3/2016 4:35:31 PM | Court Case Assignment | Court date/time: 8/02/2016 13:30 Hearing Type: 17 Clndr Call Status changed from Open to Post/ |
| 8/2/2016 1:30:51 PM | Hearing | CASE CALLED. HONORABLE JUDGE JOSE LOPEZ PRESIDING. COURT REPORTER CYNDY LENZ. HEARING:CALENDAR CALL. NO ATTORNEYS OR PARTIES PRESENT. NO SERVICE ON DEFENDANTS. CASE RESET TO 10/4/16 AT 1:30PM FOR CALENDAR CALL. MG |
| 8/1/2016 11:51:58 AM | Filing Papers | *IMG* LETTER DATED AUGUST 1, 2016 FROM R. KENT LIVESAY IN RE TO RESET TO 10/4/16 AT 1:30PM. MG |
| 5/11/2016 5:06:20 PM | Issuance | 4 CITATIONS ISSUED AS TO ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CAIN RIGGIN AND HELD BY CLERK TO AWAIT COPIES AND A SELF ADDRESSED STAMPED ENVELOPE. (GG) **CITATIONS RELEASED ON 7/29/2016 BY REGULAR MAIL TO ATTORNEY** (BALANCE OF $22 FOR PRINTED COPIES FOR SERVICE). (GG) |
| 5/11/2016 5:06:09 PM | Hearing | *IMG* CALENDAR CALL FAXED TO ATTORNEY RICHARD KENT LIVESAY. (GG) |
| 5/11/2016 8:36:05 AM | Court Case Assignment | Court date/time: 8/02/2016 13:30 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 5/6/2016 2:42:06 PM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPAN |
| 5/6/2016 2:42:06 PM | Complaint | *IMG* CONTRACT |

For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.



Filed
5/6/2016 1:36:24 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVF001247D1

CAUSE NO. _____

| | | |
|---|---|---|
| CARLOS D. ROMERO, *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| vs. | § § § § | _____ JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and CAID RIGGIN, *Defendants* | § § § § § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CARLOS D. ROMERO, hereinafter referred to as ("PLAINTIFF"), and files his Original Petition against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and CAIN RIGGIN, (hereinafter referred to as "DEFENDANTS") and for cause of action would respectfully show the Court the following:

### I.
### Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

### II.
### Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:

| Client | Address | Policy Number | Claim Number |
|---|---|---|---|
| Carlos D. Romero | 9033 Siller Loop Laredo, Texas 78045-8084 | 829-355-426 | 0342860111 |

i

DEFENDANT, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation, organized and existing under the laws of the State of Illinois, is authorized to do business in Texas, and does not maintain a regular place of business within the State of Texas. DEFENDANT has sufficient contacts with Texas that, under the Texas Long-Arm Statute, it can be served with process by serving its registered agent: CT Corporation System 1999 Bryan St. Ste. 900 Dallas, Texas 75201-3136. DEFENDANT'S home office address is 3075 Sanders Road Suite H1a Northbrook IL 60062-7127.

DEFENDANT, CAID RIGGIN, upon information and belief is an individual who conducts business in Texas and is the insurance adjuster complained of in this matter and may be served with process at the following mailing address or wherever he may be found: 2317 W. 5th St. Plainview, Texas 79072-7611. Service may be perfected via Certified Mail Return Receipt Requested.

### III.
### Jurisdiction and Venue

Venue of this action is proper in WEBB County, Texas because the policy at issue was issued and delivered in WEBB County, Texas, because the property insured is situated in WEBB County, Texas, because PLAINTIFF'S losses occurred in WEBB County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in WEBB County, Texas.

Jurisdiction is proper in this state as the DEFENDANTS are conducting business in the State of Texas. The insurance business done by the DEFENDANTS in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;

2. The taking or receiving of application for insurance, including PLAINTIFF'S applications for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof,

2

including any such consideration or payments from PLAINTIFF;

4.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFF; and

5.      The investigation and or adjustment of insurance claims within the state of Texas.

## IV.
## Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

## V.
## Facts

DEFENDANTS and/or its agents committed the actions alleged against PLAINTIFF in this complaint. DEFENDANTS provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF, as listed above, owns a home in WEBB County and was insured an insurance policy insuring that home by DEFENDANTS. On or about May 9, 2014, the structure was subjected to covered damages. PLAINTIFF promptly reported his losses and was assigned the claim number as listed above.

During the term of said policy, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in WEBB County, Texas. As a result of the covered events, PLAINTIFF'S property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFF'S home are covered damages under the insurance policy; however, DEFENDANTS have failed to fully compensate PLAINTIFF for the damages to her home in accordance with their policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional

limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANTS' claims decision.

## VI.
### Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANTS in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, Section 541 and Business and Commerce Code Section 17.505(a). All of the conditions precedent to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANTS failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and, representations.

There is no federal question nor any allegations giving rise to a federal question.

## VII.
### Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANTS. PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANTS have denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANTS had no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANTS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANTS was irresponsible and unconscionable. DEFENDANTS took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANTS have, by their conduct, breached their contract with PLAINTIFF. The conduct of DEFENDANTS has proximately caused damages to PLAINTIFF.

4

## VIII.
## DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANTS have engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages:

(a)     DEFENDANTS made false representations about PLAINTIFF'S rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DEFENDANTS' actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANTS failed to disclose information to PLAINTIFF concerning the nature and extent of her insurance policy which was known by DEFENDANTS at the time for the purpose of inducing PLAINTIFF into transactions which she would not have otherwise entered in violation of Section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, DEFENDANTS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under Section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANTS took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF'S property.

DEFENDANTS' conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of DEFENDANTS as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of their conduct, DEFENDANTS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.   PLAINTIFF seeks an award under the DTPA for economic damages and all other available damages as a result of DEFENDANTS' conduct.

5

## IX.
### Unfair Insurance Practices

DEFENDANTS failed to inform PLAINTIFF of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANTS failed to properly process claims and have misrepresented material facts to PLAINTIFF. DEFENDANTS have failed to address all damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANTS intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF and have intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANTS are fully aware. DEFENDANTS concealed damage known by them to exist. DEFENDANTS knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on her own but was forced to hire his attorneys when DEFENDANTS failed to respond.

By their conduct outlined above, DEFENDANTS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANTS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     DEFENDANTS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability became reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC Section 21.203(4));

(2)     DEFENDANTS failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC Section 21.203(9));

(3)     DEFENDANTS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC Section 21.203(15));

6

(4)     DEFENDANTS·breached their duty of good faith and fair dealing at common law;

(5)     DEFENDANTS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC Section 21.203(10));

(6)     DEFENDANTS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC Section 21.203(3));

(7)     DEFENDANTS compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC Section 21.203(6));

(8)     DEFENDANTS violated the Prompt Payment of Claims Statute (28 TAC Section 21.203(18));

(9)     DEFENDANTS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC Section 21.203(13));

(10)    DEFENDANTS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)     DEFENDANTS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)     the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(b)     DEFENDANTS made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC Section 21.203(1));

(c)     DEFENDANTS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)     DEFENDANTS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     DEFENDANTS are refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible

7

for the .damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC Section 21.203(11); and

The conduct of DEFENDANTS as described herein was a producing cause of damages to PLAINTIFF.

## X.
### Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFF'S claim was presented to DEFENDANTS, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim, DEFENDANTS refused to accept the claim in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANTS knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. DEFENDANTS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFF'S claim in good faith, an affirmative duty placed on the DEFENDANTS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANTS breached their duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANTS' breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFF for which she sues.

## XI.
### Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of his claim to DEFENDANTS and DEFENDANTS engaged in unfair settlement claim practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANTS' investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANTS' minimal investigation and use of adjusters' reports was an

8

"outcome oriented investigation". PLAINTIFF disputes the reliability of its investigative findings. DEFENDANTS have failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (c)    Failing to request all of the items, statements and forms the DEFENDANTS reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

       Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANTS the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which she sues.

## XII.

       PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or compliance is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANTS and furthermore would show that:

    1.    The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

    2.    Any other construction and its use by DEFENDANTS violates Section 541 and 542 of the Texas Insurance Code and are void as against public policy;

    3.    Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

    4.    Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

    5.    The adoption of any other construction constitutes wrongful or bad faith

cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANTS. In this regard, PLAINTIFF would show that a similar insurance policy was renewed uninterrupted for many years; and

6.      The adoption of any other construction constitutes conduct in violation of the laws of this state; including Section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANTS are judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

### XIII.
### Damages

Due to the acts and omissions of the DEFENDANTS, more specifically set forth above, PLAINTIFF seeks to recover all actual and special damages, including but not limited to the following: past, present, and future costs of repair to PLAINTIFF'S home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. The PLAINTIFF is also entitled to recover consequential damages from DEFENDANTS' breach of contract. The PLAINTIFF is also entitled to recover the amount of PLAINTIFF'S claim plus 18% per annum penalty on that claim against DEFENDANTS as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

PLAINTIFF'S damages as described in this petition are within the jurisdictional limits of the Court.

### XIV.
### Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANTS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XVI.
### Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That DEFENDANTS be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show he is justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
2510 S. Veterans Blvd.
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
litigation@livesaylawfirm.com


By: /s/ R. Kent Livesay
R. Kent Livesay
Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**

11

**SERVE**
**2016CVF001247 D1**

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT: CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS,   TX 75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF001247 D1 , styled:

**CARLOS D. ROMERO, PLAINTIFF**
**VS.**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CAID RIGGIN,**
**DEFENDANT**

Said Plaintiff's Petition was filed on 05/06/2016 in said court by:
**RICHARD KENT LIVESAY, ATTORNEY FOR PLAINTIFF**
**2510 SOUTH VETERANS BOULEVARD**
**EDINBURG,   TX 78539**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 11 day of May, 2016.

**C   L   E   R   K      O   F      C   O   U   R   T**

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

| |
|---|
| **CALENDAR CALL COURT DATE:** |
| **08/02/2016 AT 1:30P.M.** |

BY: _____ DEPUTY
GLORIA G. NORIEGA

2016CVF001247 D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2016, by delivering to the within
named **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, each, in person,
a true copy of this citation together with the accompanying copy of
the petition, having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of
delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____
                        DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                 NOTARY PUBLIC
MY COMMISSION EXPIRES _____



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

May 11, 2016

## NOTICE OF CALENDAR CALL

CAUSE NO. <u>2016CVF001247 D1</u>

<u>CARLOS D. ROMERO</u>
VS
<u>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CAID RIGGIN</u>

Please take notice that this case is set for Calendar Call on ___08/02/2016___ at <u>1:30 PM</u> at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

<u>Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.</u>

<u>Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.</u>

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

## ✸✸ Transmit Confirmation Report ✸✸

P.1                                                            May 12 2016 02:30pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 919566860050 | Fine | 12,02:28pm | 0'45" | 1 | O K | |



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

Jose A. Lopez
State District Judge

May 11, 2016

## NOTICE OF CALENDAR CALL

CAUSE NO. 2016CVF001247 D1

CARLOS D. ROMERO
VS
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CAID RIGGIN

Please take notice that this case is set for Calendar Call on   08/02/2016
at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6635 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

Filed
8/1/2016 11:51:26 AM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2016CVF001247D1



# Law Offices of R. Kent Livesay, P.C.
### 2510 S. Veterans Blvd.
### Edinburg, Texas 78539
### Phone: 956.686.5776 * Facsimile: 956.686.0050

August 1, 2016

*VIA E-FILE*
Esther Degollado
Webb County District Clerk
1110 Victoria Street, Suite 203
Laredo, Texas 78040

**RE:**   Cause No. **2016CVF001247 D1;** *Carlos D. Romero vs. Allstate Vehicle & Property.*

Dear Ms. Degollado:

   This letter is to serve as our request to reschedule the Calendar Call in the above referenced case set for August 2, 2016 at 1:30 to October 4, 2016 at 1:30. I respectfully ask for this extension in time because my office only recently was mailed the citation and the defendant is in the process of being served through a private process server.

   I ask you to forward any questions or concerns you may have to the paralegal assigned to this matter at: diana@livesaylawfirm.com. I'd like to thank you in advance for your assistance in this matter.

                              Respectfully submitted,

                              Law Offices of R. Kent Livesay, P.C.
                              2510 S. Veterans Rd.
                              Edinburg, Texas 78539
                              (956) 686-5776 Telephone
                              (956) 686-0050 Facsimile
                              wynn@livesaylawfirm.com
                              By: /s/ R. Kent Livesay
                              *R. Kent Livesay*
                              Texas Bar No. 00790057
                              **ATTORNEY FOR PLAINTIFF**

E-mail: diana@livesaylawfirm.com

Filed
9/2/2016 6:39:45 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2016CVF001247D1

CAUSE NO. 2016CVF001247D1

| | | |
|---|---|---|
| CARLOS D. ROMERO | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 49th JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND CAID | § | |
| RIGGIN | § | |
| | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Defendant") files its Original Answer to Plaintiff's Original Petition and would respectfully show the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins          State Bar No. 09601500
Vanessa A. Rosa          State Bar No. 24081769

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on September 2, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Richard Kent Livesay
Law Office of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
litigation@livesaylawfirm.com

*/s/ Vanessa A. Rosa*
Vanessa A. Rosa